UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TOMASA ZABALZA,

    Plaintiff,

v.

PINNACLE FINANCIAL CORPORATION; et al.,

    Defendants.

3:11-cv-0283-LRH-VPC

ORDER

Before the court is plaintiff Tomasa Zabalza's ("Zabalza") motion to remand. Doc. #18.[1] Defendants filed an opposition (Doc. #19) to which Zabalza replied (Doc. #22).

## I.  Facts and Procedural History

In September, 2006, Zabalza purchased real property through a mortgage note and deed of trust originated by defendant Pinnacle Financial Corporation. Eventually, Zabalza defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Zabalza filed a complaint in state court against defendants alleging nine causes of action: (1) violation of state debt collection laws, NRS 649.370; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenants of good faith and fair dealing; (5) violation of state

---

[1] Refers to the court's docket entry number.

recording laws, NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Zabalza filed the present motion to remand. Doc. #18.

## II.   Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.   Discussion

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Zabalza's complaint alleges nine causes of action. Doc. #1, Exhibit A. Based on the face of the complaint, Zabalza alleges only state law claims insufficient to grant federal question jurisdiction.

2

1  Defendants argue, however, that removal is proper because Zabalza's claims are rooted in
2  federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312
3  (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal
4  issues). Specifically, defendants contend that Zabalza's claim for violation of state debt collection
5  laws under NRS § 649.370 requires the interpretation of federal law.[2] Therefore, defendants
6  contend the court may exercise federal question jurisdiction.

7  The court has reviewed the documents and pleadings on file in this matter and finds that
8  resolution of Zabalza's debt collection claim requires "resolution of a substantial question of
9  federal law." *Franchise Tax Bd. of Cal*, 463 U.S. at 13. In his complaint, Zabalza alleges that
10 defendants "are 'debt collectors' as defined by 15 U.S.C. § 1692(a)(6)" and that the underlying
11 Notice of Default constitutes a "'communication' as defined by 15 U.S.C. § 1692(a)(2)." Doc. #1,
12 Exhibit A, ¶71; ¶72. Thus, in order to evaluate Zabalza's claim, the court must examine and
13 interpret the Fair Debt Collection Practices Act, a federal law, in order to determine whether
14 defendants are, in fact, 'debt collectors' under the law and thus, were acting in violation of the
15 express statutory provisions of that act in initiating a non-judicial foreclosure. Therefore, the court
16 finds that Zabalza's state law claims implicate significant federal issues establishing federal
17 question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th
18 Cir. 2004) (finding that removal was proper only because the state causes of action turned on the
19 defendant's compliance with federal regulations). Accordingly, the court shall deny Zabalza's
20 motion to remand.[3]

21 ///
22 ///

---

[2] Nevada Revised Statutes Section 649.370 provides that any violation of the Fair Debt Collection Practices Act, found at 15 U.S.C. §§ 1682 *et seq.*, is a violation of Nevada law.

[3] Because the court finds that there is federal question jurisdiction, the court finds it unnecessary to address whether there is also diversity jurisdiction over this action.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #18) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE