1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                        * * *
                                          )
9    TOMASA ZABALZA                       )
                                          )
10               Plaintiff,               )            3:11-cv-0283-LRH-VPC
                                          )
11   v.                                   )
                                          )            ORDER
12   PINNACLE FINANCIAL CORPORATION;      )
     et al.,                              )
13                                        )
                 Defendants.              )
14   _____ )

15       Before the court is defendants Ticor Title of Nevada ("Ticor Title") and Stanley S. Silva's

16   ("Silva") motion to dismiss (Doc. #6[1]) to which defendants LSI Title Company ("LSI") and Quality

17   Loan Service Corporation ("QLS") joined (Doc. #7).

18       Also before the court is defendants America's Servicing Company ("ASC") and Mortgage

19   Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss. Doc. #16.

20   **I.    Facts and Procedural History**

21       In September, 2006, plaintiff Tomasa Zabalza ("Zabalza") purchased real property through

22   a mortgage note and deed of trust originated by defendant Pinnacle Financial Corporation.

23   Eventually, Zabalza defaulted on the mortgage note and defendants initiated non-judicial

24   foreclosure proceedings.

25   _____

26        [1] Refers to the court's docket entry number.

1    Subsequently, Zabalza filed a complaint in state court against defendants alleging nine

2  causes of action: (1) violation of state debt collection laws, NRS 649.370; (2) Nevada Unfair and

3  Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act,

4  NRS 598D.100; (4) breach of the covenants of good faith and fair dealing; (5) violation of state

5  recording laws, NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title; and

6  (9) abuse of process. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motions

7  to dismiss. Doc. ##6, 16.

8  **II.    Legal Standard**

9    Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

10  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

11  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

12  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

13  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

14  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

15  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

16  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

17  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

18    Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

19  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

20  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

21  the court to draw the reasonable inference, based on the court's judicial experience and common

22  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

23  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

24  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

25  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

26

1   relief." *Id.* at 1949 (internal quotation marks and citation omitted).

2          In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

3   true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

4   the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

5   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

6   (internal quotation marks omitted). The court discounts these allegations because "they do nothing

7   more than state a legal conclusion—even if that conclusion is cast in the form of a factual

8   allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

9   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

10  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

11  **III.    Discussion**

12          **A.  Debt Collection Violations**

13          Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal

14  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,

15  Zabalza alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without

16  following the proper procedures for attempting to collect a debt.

17          It is well established that non-judicial foreclosures are not an attempt to collect a debt under

18  the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*

19  *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.

20  2010) (holding that recording a notice of default is not an attempt to collect a debt because the

21  borrower already consented to allow the foreclosure trustee to record the notice upon default).

22  Therefore, the court finds that Zabalza fails to state a claim against moving defendants for violation

23  of the FDCPA, and thereby NRS § 649.

24  ///

25  ///

26
                                                    3

**B.  Nevada Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Zabalza alleges that defendants violated the statute by recording the underlying notice of default without having a state business license.

Initially, the court notes that the allegations against moving defendants are conclusory allegations that offer nothing more than a formulaic recitation of the elements of a violation. As such, they are insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969. Further, moving defendants did not need to be licensed to conduct business in the state of Nevada because foreclosing on real property is not an attempt to collect a debt requiring a separate license. *See Hulse*, 195 F. Supp. 2d 1188. Therefore, the court finds that Zabalza fails to state a claim upon which relief can be granted.

**C.  Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Zabalza alleges that defendants violated the present version of the statute, his loan originated in 2006, prior to the current amendment. Therefore, Zabalza's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, Zabalza's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Zabalza purchased the property in 2006, and did not file the present action until 2011, over three years after the statute of limitations had expired. Accordingly, the court shall grant moving defendants' motions as to this issue.

4

**D.  Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between Zabalza and moving defendants. The only contract is the mortgage contract between Zabalza and Pinnacle Financial Corporation. Thus, Zabalza fails to state a claim against moving defendants for breach of the covenants of good faith and fair dealing.

**E.  NRS 107.080**

In his complaint, Zabalza alleges that defendants improperly foreclosed on his property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, Zabalza fails to allege a claim upon which relief can be granted.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, moving defendants do not claim any ownership interest in the property adverse to Zabalza. Therefore, Zabalza has no grounds to quiet title against moving

1    defendants.

2        **G. Fraud**

3        "In alleging fraud or mistake, a party must state with particularity the circumstances

4    constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading

5    requirements a plaintiff must specify the time, place, and content of the misrepresentation as well

6    as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th

7    Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a

8    plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

9        Here, Zabalza fails to allege anything more than defendants defrauded him during the loan

10   process. There are no allegations that moving defendants failed to provide information or what

11   information was not provided. Further, Zabalza fails to specifically allege the requisite "time, place,

12   and specific content of the false representation as well as the identities of the parties to the

13   misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore,

14   the court finds that Zabalza's allegations are insufficient to support his claim for fraud.

15       **H. Slander of Title**

16       A claim for slander of title "involves false and malicious communications, disparaging to

17   one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d

18   465, 478 (Nev. 1998).

19       Here, the recorded notice of default and notice of trustee's sale are not false and malicious

20   communications disparaging Zabalza's title. First, Zabalza concedes that he was in default on his

21   loan. Thus the notice of default, although allegedly recorded before the substituted trustee was

22   authorized to do so, does not make a false statement about his title to the property. Second, it is not

23   false that the property was to be sold at a trustee's sale. Therefore, the court finds that Zabalza has

24   failed to state a claim for slander of title.

25   ///

26                                                            6

**I. Abuse of Process**

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that Zabalza has failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of his default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that Zabalza has failed to state a claim for abuse of process. Accordingly, the court shall grant moving defendants' motions to dismiss.[2]

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##6, 16) are GRANTED. Defendants Ticor Title of Nevada; Stanley S. Silva; LSI Title Company; Quality Loan Service Corporation; America's Servicing Company; and Mortgage Electronic Registration Systems, Inc. are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court, in granting moving defendants' motions to dismiss, notes that Zabalza did not request leave to amend his complaint. However, even if he did request leave to amend, the court would deny the request because he has failed to make any showing that amendment in this particular case would not be futile or that he could overcome the identified pleading defects.

7